IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUIS ALBERTO CANALES FUNEZ, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, *et al.*, <br><br> Respondents. | Civil Action No. 1:26-cv-00240-LKG <br><br> Dated: January 26, 2026 |

### ORDER

On January 20, 2026, the Petitioner filed a petition for a writ of habeas corpus in the above-captioned matter. ECF No. 1. On January 21, 2026, the Court entered a Second Amended Standing Order 2025-01, which was transmitted to the Chief and Deputy Chief of the Civil Division for the United States Attorney's Office for the District of Maryland. ECF Nos. 2, 3. On January 21, the Court directed the parties to file a joint status report by January 23, 2026. ECF No. 4. On January 23, 2026, the parties filed a Joint Notice. ECF No. 6. In that Joint Notice, the parties stipulate that the facts in this current habeas petition does not differ in any material fashion from those in *Ayala Banegas v. Noem*, No. 1:25- cv-3524-LKG (ECF No. 13). *Id.* at 1.

In light of the foregoing the Court:

(1) **GRANTS-in-PART** the Petitioner's petition for writ of habeas corpus (ECF No. 1) and incorporates into the record of this case the Respondent's arguments from the matters *Ayala Banegas v. Noem*, No. 1:25- cv-3524-LKG (ECF No. 13); and

(2) **ORDERS** the following:

   a. The Respondents are **ENJOINED** from detaining the Petitioner pursuant to 8 U.S.C. § 1225(b);

   b. The Respondent will have an initial determination at the Baltimore Field Office of U.S. Immigration and Customs Enforcement ("ICE") located at 31 Hopkins Plaza, 6th Floor, Baltimore, Maryland 21201 (the "ICE Baltimore Field

  Office") by an immigration officer on the Petitioner's bond or detention under 8 U.S.C. § 1226(a);

c. If the immigration officer does not release the Petitioner on a bond, the Respondents shall arrange for the Petitioner to receive, **on or before February 9, 2026**, a bond hearing before an immigration judge, at which he can be represented by his present counsel, at the Immigration Court in either Baltimore, Maryland or Hyattsville, Maryland.

d. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and the Respondents shall provide the Petitioner with any other process due to him under these provisions.

e. During any ICE detention following the immigration officer's determination and before any bond hearing to occur in accordance with this Order, the Petitioner shall be detained in a state immediately adjacent to Maryland.

f. If the Petitioner is not released on bond by an immigration officer, or provided with a bond hearing before an immigration judge, **on or before February 9, 2026**, the Respondents shall release the Petitioner from custody from the ICE Baltimore Field Office. If released, the Petitioner may be subject to conditions, including a requirement that he appear at a bond hearing at the Immigration Court in Baltimore, Maryland or Hyattsville, Maryland.

  **IT IS FURTHER ORDERED** that the Court shall **RETAIN** jurisdiction of this matter to enforce compliance with this Order.

  **IT IS FURTHER ORDRED** that the parties shall **FILE** a joint status report **on or before February 12, 2026**, to confirm if the Respondents have provided the Petitioner with a bond hearing. If the Petitioner has not been released from custody, the Respondents shall state whether and when a bond hearing was held in accordance with this Order and shall further inform the Court of the grounds for the immigration judge's decision.

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge

2